Honolulu, June 20, 1885.

---

## SING CHONG & CO. *vs.* HUTCHINSON PLANTATION COMPANY.

### APPEAL FROM DECISION OF THE CHANCELLOR.

### JULY TERM, 1885.

#### JUDD, C. J.; McCULLY and PRESTON, JJ.

The Hutchinson Plantation Company gave Akai 250 acres of land, rent free, and advanced him money to plant it with sugar cane; the cane was to be ground at the company's mill, and Akai was to receive half the proceeds, less the advances made by the company, and interest thereon. Akai mortgaged the sugar produced, or to be produced, from this land to Sing Chong & Co., who bring suit against the Hutchinson Plantation Company to foreclose the mortgage, claiming that the company hold the proceeds of the sugar and refuse to account. The company claim that there is no money due to Akai, but that he is in their debt on account of said sugar.

Held, that Akai had no property in the proceeds of the sugar until the advances made by defendant were paid, and as the accounts show there is nothing coming to him, plaintiffs can take nothing under their mortgage, as all the mortgagor could assign was his prospective balance of account.

As to certain cattle included in the mortgage, held that if plaintiffs desired foreclosure as to these, they should have made the assignees in bankruptcy of Akai parties defendant.

Decision of the Chancellor affirmed.

### DECISION OF THE CHANCELLOR, APPEALED FROM.

THIS is a bill to foreclose a mortgage dated the 7th of September, 1883, made by one C. T. Akai to plaintiffs, upon which the whole amount, $10,000, is due.

The bill alleges that A. Hutchinson, on the 16th of July, 1877, made an agreement to lease, and did lease, to Akai some 250 acres of cane land at Honuapo, Kau, Hawaii, to be planted in sugar cane by the said Akai for grinding at Hutchinson's mill, upon an equal division of the net proceeds of the sugar therefrom, which land was accordingly cultivated in sugar cane, which was ground from time to time at the said mill; that Mr. Hutchinson died in 1879, and the defendant corporation, the assignee and present owner of the said mill, adopted and carried out the agreement for grinding the cane, and has come into possession of and retained the proceeds of said sugars and refuses to account. Akai was adjudged a bankrupt March 28, 1884, and his assignees are J. Hyman and S. Selig. The mortgage covers, besides some cattle, etc., "all sugar cane growing or hereafter to grow upon lands in said Honuapo, Kau, and all sugar produced or manufactured from said sugar cane, and all leases of land situate in Kau, held by Akai, etc." The bill prays that the defendant corporation account for and pay over to plaintiffs the net proceeds of said sugar.

The answer of defendant avers that it has received certain sugar cane from C. T. Akai, and ground the same at its mill in conformity with the contract above referred to, and has in pursuance of the contract advanced, paid and laid out on behalf of said Akai certain moneys, and has accounted to him for all sugars received, and that there is now due from him to defendants $16,394 12; that defendant has not, nor had at the commencement of this suit, any money, sugar or chattels of said Akai.

By the contract, Hutchinson places 250 acres of his land in Akai's hands, rent free, he to plant and cultivate it with cane. Hutchinson agrees to erect a mill of a certain capacity, to advance to Akai "not to exceed $40 for each and every acre of sugar cane planted and cultivated as before mentioned, the same to be paid from time to time, as required, and to manufacture into sugar all cane produced, as aforesaid" by Akai, and "to receive as compensation one-half of the net proceeds of all sugar manufactured by him from the aforesaid sugar cane." * * * "And that during the term of this agreement the party of the first part shall dispose of all the shares of sugar belonging to the parties of the said part through his agent or agents, and from the proceeds thereof

shall deduct the advances, together with interest on the same at the rate of 12 per cent. per annum, made by him to the parties of the second part, and shall well and truly pay over to the parties of the second part all or any balance there may be from time to time in their favor, etc." The agreement is dated 16th July, 1877, and was to continue for the term of six years from its date, with the privilege of renewal for four years. The agreement continued in force until 1884, when Akai was made bankrupt.

The questions, as stated by plaintiffs, are: first, whether the agreement is equivalent to a mortgage to any extent against the plaintiffs, who are Akai's mortgagees; second, if to any extent, what? And it is contended that a decree should be made requiring the defendants to pay to them all moneys received from sale of the Akai sugar, deducting only a sum equivalent to $40 an acre for six years, with interest.

It is claimed for the defendant that by the agreement the crops of cane and sugar manufactured belong absolutely to the defendant, and the mortgagor has no right of property except in any balance which may from time to time result from the sale of sugar. This prospective balance is all that the mortgagor is interested in and could assign by way of mortgage.

I think the defendant's contention is correct. The agreement is not one of partnership. It is one by which the cane-planter agrees to receive as compensation for his services in planting and cultivating the cane to maturity one-half of the net results of the sugar manufactured, after all the sums advanced by the mill-owner have been deducted, with interest. It bears a close similarity to a mortgage by a partner of his partnership interest, which has been held by this Court to cover only the residuum or surplus after partnership debts are paid. *Makee vs. Dominis*, 3 Hawn., 579. But the case before us is stronger, for here the mill-owner contributes the land and the money for working the land, and manufactures the cane into sugar, and the planter contributes nothing but his skill and supervision. It is not necessary to hold that a lien exists upon the cane and sugar in favor of the mill-owner for his advances, for by the contract the cane-planter is to have no property in the sugar cane or sugar produced, nor in their

proceeds, unless there remain something of the moiety after the advances are paid.

From the accounts presented there was nothing *in esse* at the date of the mortgage (except the cattle, etc.) in which Akai had an interest which he could assign.   I presume the mortgage, however, should be held to be an assignment of his interest in the net results of the agreement.   The subsequent accounts show that there is nothing coming to Akai.   His mortgagee, therefore, can have nothing from defendant by virtue of the mortgage.   The defendant agreed to advance not to exceed $40 an acre.   It has advanced considerably more, presumably at the instance of the mortgagor.   It does not lie either in his or his mortgagee's mouth (who are affected by notice of the recorded agreement) to say that the amount in excess of the $40 dollars per acre, which created the property, shall not be repaid.   This was the contract.   As I have said, Akai's compensation was agreed by him to be the possibility of a profit from the enterprise and nothing more.

The bill is dismissed.

If the plaintiffs desired foreclosure of the mortgage upon the other property—*i. e.*, the cattle, etc.—they should have made the assignees in bankruptcy of Akai parties defendant.

Honolulu, July 3, 1885.

OPINION OF THE FULL COURT, BY PRESTON, J.

This is an appeal from the decision of the Chancellor, dismissing the plaintiff's bill for foreclosure of a mortgage from C. Akai & Co. to the plaintiffs.

Upon reading the pleadings herein and the evidence taken at the hearing, and also the various exhibits filed, we are of opinion that, for many reasons besides those stated by the Chancellor, the bill should be dismissed.

The decision of the Chancellor is therefore affirmed, and the bill stands dismissed with costs of this appeal.

*A. S. Hartwell* and *C. Brown*, for plaintiffs.

*F. M. Hatch* (*P. Neumann* with him), for defendants.